IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIGUEL BERNABE-BAUTISTA,<br><br>Petitioner,<br><br>vs.<br><br>WARDEN, McCook Detention Center, et al.,<br><br>Respondents. | 8:26-CV-521<br><br>MEMORANDUM AND ORDER CONDITIONALLY GRANTING WRIT OF HABEAS CORPUS |

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241, asserting that his detention is unlawful. Filing 1. The Court will conditionally grant the petition.

The petitioner is a native of Guatemala. Filing 11 at 3. He arrived in the United States near Hidalgo, Texas on or about January 13, 2017 and was taken into custody as an unaccompanied minor child (UAC). Filing 8 at 3 filing 8-1; filing 8-2; filing 8-3. He was served with a notice to appear and placed in removal proceedings. Filing 8 at 3-4; filing 8-1; filing 8-2; filing 8-3. On March 24, he was released into a relative's custody in Florida. Filing 8 at 4; filing 8-4. The petitioner filed an asylum claim on March 2, 2018. Filing 8 at 4. The immigration judge administratively closed his case. Filing 8 at 4; filing 8-5.

On June 10, 2026, the petitioner was encountered by immigration officials at the Douglas County, Nebraska courthouse when he went there for a court appearance on charges arising out of a property damage automobile accident. Filing 8 at 5. He was taken into ICE custody and his immigration proceedings were reopened. Filing 8 at 5-6; filing 8-6; filing 8-7; filing 8-8. The petitioner appeared before an immigration judge for a bond hearing but the

immigration judge denied bond, finding that the petitioner wasn't entitled to a bond hearing pursuant to "8th Circuit precedent"—presumably, *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). Filing 8-9.

The Court disagrees. As this Court has previously explained,

> It's true that the petitioner is no longer a "UAC," and is not covered by the particular procedural protections that apply to that group of noncitizens. *See* 6 U.S.C. § 279(g)(2); 8 C.F.R. § 236.3(d)(2). However, when ICE released the petitioner, that release was not conditioned on him remaining a child. *See* filing 1-1 at 4. While the petitioner was not released "on his own recognizance," *see* § 279(b)(2)(B), the circumstances are analogous, and the petitioner was effectively subject to conditional parole.

*Ixquiactap-Ajpacaja v. Mullin*, No. 4:26-CV-3143, 2026 WL 1295702, at *1 (D. Neb. May 12, 2026). Accordingly, the petitioner has a due process right to a post-deprivation opportunity to challenge his detention. *Id.* at *1 (citing *Dos Santos Silva v. Warden, Lincoln Cnty. Det. Ctr.*, No. 8:26-cv-131, 2026 WL 926725 (D. Neb. Apr. 6, 2026)).

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2. The government shall provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the

corresponding regulations **on or before September 22, 2026**.

3. The petitioner and his counsel shall be told about the hearing in advance, and the petitioner shall have the opportunity to be represented by counsel and offer evidence to support reasons for his release.

4. If the government does not provide the petitioner with a bond hearing as required, the petitioner must be immediately released from detention.

5. **On or before September 25, 2026**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 15th day of September, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge