IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

MIGUEL BERNABE-BAUTISTA,

Petitioner,

vs.

WARDEN, McCook Detention Center, et al.,

Respondents.

8:26-CV-521

ORDER

In its September 15, 2026 memorandum and order conditionally granting a writ of habeas corpus, the Court directed the government to provide the petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) and the corresponding regulations *see* 8 C.F.R. §§ 236.1(d); 1236.1(d); 1003.19, on or before September 22, 2026. Filing 15. The petitioner has filed a motion questioning the adequacy of the bond hearing that was held. Filing 12. Specifically, the petitioner claims he was given inadequate notice of the hearing and did not have an opportunity to present evidence in support of custody redetermination. Filing 12.

When a detainee applies for bond redetermination, it's his burden to establish, to the satisfaction of the immigration judge, that he "does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Matter of Siniauskas*, 27 I. & N. Dec. 207 (B.I.A. 2018); *see also* § 1003.19(b); U.S. Dep't of Just., Exec. Off. for Immigr. Rev. Pol'y Manual § 8.3(c) (2026). Usually, the detainee begins a bond hearing by making an "offer of proof" addressing those factors. *Id*. § 8.3(e)(6). The immigration judge considers evidence submitted contemporaneously with a request for a bond hearing, or evidence filed in open court. *Id*. § 8.3(e)(5).

Furthermore, a constitutionally valid hearing requires "adequate notice," because the "right to be heard has little reality or worth unless one is informed." *Elder v. Gillespie*, 54 F.4th 1055, 1064 (8th Cir. 2022); *Bliek v. Palmer*, 102 F.3d 1472, 1475 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 399 U.S. 306, 314 (1950)). Whether notice is adequate depends on the particular circumstances involved, because due process is a flexible concept. *Bliek*, 102 F.3d at 1475.

The petitioner suggests that the notice he received denied him the opportunity to make an adequate offer of proof. The Court will direct the government to respond to that suggestion.

IT IS ORDERED:

1. The petitioner's motion to enforce compliance (filing 12) is granted in part.

2. The government's status report due September 25, 2026, shall address the petitioner's arguments regarding the regulatory and constitutional adequacy of the petitioner's bond hearing.

Dated this 21st day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge